[No. A049885. First Dist., Div. Five. Dec. 14, 1990.]

LINDA WAICIS, Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
THEODORE SCHWARTZ, Real Party in Interest.

284

**COUNSEL**

Edwin J. Zinman and James J. Davis III for Petitioner.

No appearance for Respondent.

Bradley & Curley and Kathleen J. Moorhead for Real Party in Interest.

**OPINION**

**KING, J.**—In this case we hold that it is not an abuse of discretion for the trial court to disqualify an expert witness from testifying at trial when the court finds the expert has repeatedly been uncooperative in allowing his deposition to be taken, and that finding is supported by substantial evidence.

Linda Waicis, plaintiff in a dental malpractice action against Theodore Schwartz, D.D.S., seeks a writ of mandate to vacate an order of the Marin County Superior Court disqualifying Martin Frankel, D.M.D., her expert witness on the standard of care, from testifying at trial. We deny writ relief.

### FACTS

Waicis's action was filed in November 1987. In January 1988, she disclosed Dr. Conrow as an expert witness on the issue of liability. Schwartz

disclosed Dr. Noble as his expert witness and provided her a copy of Dr. Noble's report.

In August 1989, Waicis claimed exemption from arbitration contending her anticipated special damages exceeded $50,000; however, the case was ordered to judicial arbitration pursuant to Code of Civil Procedure section 1141.10 et seq. In her arbitration statement she listed Doctors Jow and Frankel. Schwartz believed them to be subsequent treating dentists and noticed Dr. Frankel's deposition for September 1, 1989.

Dr. Frankel confirmed the September 1 deposition date but demanded a $500 hourly fee on the basis of his as yet undisclosed status as an expert witness. He also demanded the deposition be set after 5 p.m. Schwartz offered $250 as a reasonable fee. The September 1 deposition was put over because of a scheduling conflict of Waicis's counsel.

The fee dispute, as well as Dr. Frankel's insistence on scheduling depositions after office hours, such as 5 or 6 p.m., resulted in Schwartz having to file a motion for the setting of a reasonable fee. The trial court set a reasonable hourly fee of $350. Finally, on September 21, 1989, Waicis formally disclosed Dr. Frankel as an expert trial witness.

Dr. Frankel's deposition was renoticed for October 3, 1989, then renoticed for a third time, a fourth time, and a fifth time. Each rescheduling was done to accommodate Dr. Frankel's schedule. This resulted in the arbitration hearing having to be continued.

Pursuant to the last notice, and apparently informally, the deposition was rescheduled for February 13, 1990. Waicis's counsel did not respond to the notice; one week prior to the deposition Schwartz's counsel called counsel for Waicis and was told the date "might" be a problem. At essentially the last minute Waicis's counsel informed opposing counsel that Dr. Frankel was not available and would not appear as scheduled. Waicis's counsel proposed a deposition time which was literally on the eve of the arbitration hearing, well after the discovery cutoff period, and at 6 p.m.

Schwartz then brought a motion to compel, seeking sanctions plus an order compelling Dr. Frankel's attendance or, in the alternative, the striking of Waicis's disclosure of expert witnesses or the exclusion of Dr. Frankel from testifying at arbitration and trial. On February 22, 1990, the trial court rejected Waicis's explanation that Dr. Frankel had availability problems because he himself was a party to litigation. The court continued the matter to the following Wednesday, February 28, "on condition that

counsel [for Waicis] make Dr. Frankel available this Saturday at a time at which the moving party sets . . . ."

After the court hearing, further scheduling difficulty arose. Dr. Frankel stated he had a "personal meeting" that Saturday and wanted the deposition to begin in the afternoon, after his meeting. Schwartz wanted the deposition to begin in the morning; Waicis agreed and did not indicate any set time at which Dr. Frankel would have to leave the deposition.

Dr. Frankel appeared for the deposition. He did not indicate he would have to leave by any specific time. Well into the deposition he announced he would have to leave for a meeting. At a later point in the deposition, evidently while the court reporter was changing paper, Dr. Frankel walked out of the deposition before its completion, about three and one-half hours after it began, so that he could attend a "personal meeting."

On February 28, Schwartz renewed his motion to compel. The trial court concluded "there was a clear, unequivocal representation made to the Court that Dr. Frankel would be available all Saturday to complete the deposition," and that "to have him inject an appointment in the middle of the day after you leave court [on the 22nd] and so forth I don't think is a—a fair carrying out of the responsibility." The court concluded "I'm left with the impression, after reviewing all of this, that Dr. Frankel is not being a cooperative witness, either on his own initiative or otherwise, but the difficulty in getting him to complete a deposition has been well documented in some of these prior proceedings."

The trial court ordered that Dr. Frankel be excluded from testifying at Waicis's trial. Waicis then moved for reconsideration, primarily urging there was no clear promise that Dr. Frankel would be available all of Saturday, and arguing that Dr. Frankel scheduled his afternoon meeting in reliance on Schwartz's estimate the deposition would go one to two hours. The trial court denied the motion for reconsideration, noting Dr. Frankel had put an "unreasonable burden" on Schwartz. The court concluded "I was clearly left with the impression" that Dr. Frankel was ordered to be available on Saturday for whatever time it took to complete his deposition, and that from his importance to the issues, "I would not have anticipated two hours to be sufficient," and stated that exclusion of the witness was "only as a last straw" and "based upon the cumulative circumstances."

This petition followed.

### DISCUSSION

■ Although discovery rulings are generally not reviewed by prerogative writ (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d

180 [23 Cal.Rptr. 375, 373 P.2d 439]), they can be if an order prevents a party from having a fair opportunity to litigate his or her case (see *Lehman* v. *Superior Court* (1986) 179 Cal.App.3d 558 [224 Cal.Rptr. 572]). For this reason, we issued an order to show cause in lieu of an alternative writ and heard oral argument.

The sanction of preclusion of the testimony of a noncooperative deponent is authorized by the discovery statutes. (Code Civ. Proc., §§ 2023, subds. (a), (b)(3); 2025, subd. (j)(3); see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter 1990) §§ 8:860, 8:863.) The sole question presented is whether, based upon these facts, the trial court abused its discretion by imposing this sanction. Factual questions touching on the question of noncooperation, necessarily resolved against Waicis by the trial court's order, are governed by a substantial evidence standard. Not only is the evidence that Dr. Frankel was uncooperative in permitting his deposition to be taken substantial, it is overwhelming.

Although the sanction imposed is severe, Waicis has not demonstrated it was an abuse of discretion. We must accept the factual determination that Dr. Frankel was not cooperating with discovery. The trial court did everything it could to permit Dr. Frankel's deposition but the witness simply would not cooperate, even to the extent of directly violating the court's order that he be available for all of Saturday for his deposition. The trial court's "last straw" decision appears a thoughtful response to an unvarying pattern of behavior. "A trial court in circumstances such as these, is not required to further tolerate such behavior." (*Young* v. *Rosenthal* (1989) 212 Cal.App.3d 96, 119 [260 Cal.Rptr. 369], cert. den. __ U.S. __ [108 L.Ed.2d 941, 110 S.Ct. 1811].)

Waicis argues, however, that Dr. Frankel complied in good faith with the discovery order for the Saturday deposition by staying as long as possible and longer than the two hours noticed. This argument ignores the trial court's factual determination that Dr. Frankel was to be available all day Saturday. The argument is also premised on the dubious assumption a deponent has the right to unilaterally terminate a deposition at his convenience, and also ignores the fact the trial court imposed the sanction not just for Dr. Frankel leaving the deposition before it was completed, but for the *pattern* of the doctor's conduct.

Waicis also argues that "acceptable alternative solutions were available," i.e., the trial court could have imposed a lesser sanction such as monetary sanctions. This argument does not establish that the imposition of a more severe sanction was an abuse of discretion. Waicis bears the burden of showing that the sanction was undeserved. Again, Waicis falls back on

factual arguments contradicted by the record, such as the claim that no time estimate of the deposition was provided and the claim that Dr. Frankel was not ordered to be available all of Saturday.[1]

It is an affront to the orderly and expeditious disposition of cases for any witness, especially an expert witness, to be so uncooperative. Dr. Frankel's conduct smacks of game playing. The main complaint about our system of the administration of justice in civil cases is the delay in bringing cases to trial. The trial court must exercise its inherent and statutory powers to prevent abuse of the system which causes delay. Since Waicis selected Dr. Frankel as an expert witness, she must bear adverse consequences which flow from his failure to comply with the requirements of the legal process.[2]

The petition is denied. The order to show cause is discharged. Schwartz shall recover costs.

Low, P. J., and Haning, J., concurred.

---

[1] Waicis also argues that Dr. Frankel could not be excluded as an expert witness at trial because no trial experts had been named. This argument ignores the fact that she voluntarily disclosed Dr. Frankel as a trial expert in response to the initial deposition notice.

[2] She acknowledges that she has other expert witnesses to testify on the same issues.