[No. G013143. Fourth Dist., Div. Three. Jan 28, 1993.]

KENNETH WAGNER et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
GENERAL MOTORS CORPORATION, Real Party in Interest.

COUNSEL

Thomas T. Anderson and Samuel Trussell for Petitioners.

No appearance for Respondent.

Snell & Wilmer and Richard A. Derevan for Real Party in Interest.

OPINION

**WALLIN, J.**—Kenneth and Sally Wagner petition for a writ of mandamus compelling the Orange County Superior Court to vacate its order denying an extension of a discovery cutoff date set by the court in their products liability case against General Motors Corporation (GM). The case is in the court's expedited trial program. The Wagners contend the trial court erred in setting a discovery cutoff date when no trial date had been set. We agree and grant the writ.

The Wagners filed their products liability complaint against GM in August 1989 for injuries sustained in an automobile accident. They alleged their GM pickup truck had a transmission defect which caused it to shift from park to reverse.[1] Kenneth was crushed underneath the truck when it slipped into reverse after he stepped out.

In January 1992 the case was assigned to a judge for all purposes under the court's trial delay reduction program (see Gov. Code, § 68600 et seq.), also known as the expedited trial program or "fast-track." Some discovery had been conducted at that time by the Wagners' original attorney.

On May 5, 1992, the trial judge held an evaluation conference as required by Orange County Superior Court Rules, former rule 1114, now renumbered rule 444.[2] Although the court did not set a trial date, it designated August 28, 1992, as the deadline for completion of all discovery. GM asserts that even though no trial date had been set, the court was "targeting" November 1992 for trial.

The Wagners' attorney objected to the discovery cutoff date because he had not yet deposed GM's most knowledgeable witnesses. He explained that

---

[1] This is sometimes referred to as the "false park" phenomenon.

[2] Rule 444 is essentially identical to former rule 1114. Rule 1114 was in effect at the time the court held the evaluation conference. Rule 444, effective July 1, 1992, was in effect at the time the Wagners' motion to extend the discovery cutoff was denied.

he was in the process of obtaining new counsel for the Wagners, one more experienced in "false park" cases. Nonetheless, the court set the discovery deadline and, according to the Wagners' attorney, advised him to "do the best we [could] and then discuss the matter when it came up for hearing again in August."

Following the evaluation conference, the Wagners' current counsel, Samuel Trussell, associated into the case.[3] Trussell had several telephone conferences with GM's counsel regarding discovery, but had not noticed any depositions as of August 5.[4] When he learned that GM would not produce any witnesses after the discovery cutoff, he filed a motion to extend the deadline. The motion was denied on August 26 because the trial judge believed there had been no showing of diligence in conducting discovery up to that time.

■ The Wagners contend the court abused its discretion in setting a discovery cutoff when no trial date had been set. ■ The prerogative writ is an appropriate method of review when an abuse of discretion results in a denial of discovery. (*Lehman* v. *Superior Court* (1986) 179 Cal.App.3d 558, 562 [224 Cal.Rptr. 572].)

■ Preliminarily, GM argues the Wagners should have challenged the court's authority to set the discovery cutoff in May 1992, when the original deadline was imposed. Therefore, the petition for writ of mandamus is untimely and should be denied. We disagree.

There is no absolute deadline for filing a petition for writ of mandamus, although the equitable doctrine of laches may bar relief when the petitioner has unreasonably delayed in filing the petition to the prejudice of the opposing party. (*Sentry Ins. Co.* v. *Superior Court* (1989) 207 Cal.App.3d 526, 529-530 [255 Cal.Rptr. 13].) When the discovery deadline was set in May, the Wagners' attorney understood the deadline was flexible and could be changed if necessary. In late August the Wagners sought an extension of the discovery deadline which was denied. This writ petition was filed in late September. We cannot say there was an unreasonable delay.

■ We turn to the merits of the Wagners' petition. Code of Civil Procedure section 2024 provides, in part, that "any party shall be entitled *as*

---

[3] The Wagners' original attorney continued representing them for the sole purpose of making appearances for Trussell, whose office was located in Indio.

[4] The Wagners assert that GM had sandbagged them in responding to discovery requests, telling them the transmission at issue was only used in two models of GM trucks. During the period between the evaluation conference and the motion at issue the Wagners learned that the transmission was used in other GM cars, which increased the scope of their discovery, requiring additional depositions of GM personnel. GM denies any such action.

*a matter of right* to complete discovery proceedings on or before the 30th day . . . before the date initially set for trial of the action." (Code Civ. Proc., § 2024, subd. (a), italics added.) The trial court's setting a discovery cutoff date when no trial date had been set denied the Wagners their statutory right under Code of Civil Procedure section 2024 to conduct discovery up to 30 days before trial. GM responds that fast-track trial courts have statutory authority to adopt rules which shorten time periods pertaining to discovery.[5]

The Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.) was enacted in 1986 as a pilot project. It was the Legislature's intent to "grant to the project courts under the Act wide procedural latitude in developing their own rules and procedures to implement the Act in 'response to the urgent public need to reduce litigation delays that have reached, in some counties, scandalous proportions.' " (*Laborers' Internat. Union of North America* v. *El Dorado Landscape Co.* (1989) 208 Cal.App.3d 993, 1001 [256 Cal.Rptr. 632].)

Government Code section 68612 as originally enacted provided that the judges in the project courts were to "develop, and publish the procedures, standards, and policies which will be used in the program, including time standards for the conclusion of all critical steps in the litigation process, including discovery . . . . Such procedures, standards, and policies may be inconsistent with the California Rules of Court." (Stats. 1986, ch. 1335, § 1, pp. 4746-4747.) A 1988 amendment to Government Code section 68612 added that the local rules "may impose procedural requirements in addition to those authorized by statute, and *may shorten any time specified by statute for performing an act.*" (Stats. 1988, ch. 1200, § 3, p. 4009, italics added.)

In 1990 the Legislature repealed the original Trial Court Delay Reduction Act of 1986 and enacted the new Trial Court Delay Reduction Act. As reenacted, Government Code section 68612 omits the language specifically allowing the trial court to impose additional procedural requirements or to shorten time periods specified by statute.[6]

In accordance with the Trial Court Delay Reduction Act, the Orange County Superior Court has adopted rules governing its fast-track program.

---

[5]Government Code section 68616 was added to the Trial Court Delay Reduction Act in 1990 and prohibits the trial court from imposing shorter time periods for discovery than set forth in the Civil Discovery Act (Code Civ. Proc., § 2016 et seq.). However, section 68616 only applies to cases filed on or after January 1, 1991. GM concedes that under section 68616 the court no longer has the power to impose a discovery cutoff in advance of setting a trial date. However, the Wagners' complaint was filed in 1989 and is not included within the protection of that section.

[6]The current version of Government Code section 68612 provides in pertinent part: "Judges shall, in consultation with the bar of the county to the maximum extent feasible develop and

GM asserts that Orange County Superior Court Rules, rule 444, pertaining to the conduct of evaluation conferences, allows the court to adopt a discovery cutoff date before a trial date has been set. We disagree.

Orange County Superior Court Rules, rule 444 requires all parties to attend an evaluation conference at a specified time after the complaint is filed. "The purpose of this conference shall be as follows: . . . 2. Discussion of law and motion and discovery matters; 3. Determination of appropriate time standards other than those contained in the rules; . . . . [¶] At the conclusion of the evaluation conference, the court shall make orders which may include a discovery schedule . . . ."[7]

The local rule itself only states the court will set a discovery schedule. It does not state the court may cut off a litigant's statutory discovery rights.The rule does not apprise the practitioner that a discovery deadline might be set which conflicts with the 30-day cutoff provided *as a matter of right* in Code of Civil Procedure section 2024 or confer upon the individual trial judge the power to cut off a party's statutory discovery rights. Simply put, the rule does not authorize the court to impose a discovery cutoff in advance of setting a trial date.

Nor does Government Code section 68612 authorize the trial court's action in this case. While pre-1990 versions of section 68612 allowed the adoption of local rules which were inconsistent with statutes or imposed shorter time periods than required by statute, the Orange County local rule simply does not impose shorter discovery time periods. Nor did the earlier versions of the statute give authority to individual trial judges to cut off statutory discovery rights. The statute only authorizes a court to adopt rules pertaining to fast-track cases, which could include times for completion of litigation steps. But, the Orange County Superior Court rule contains no specific time limits, only a vague reference to setting a schedule for discovery. Furthermore, the 1990 version of Government Code section 68612 deletes the authority to adopt rules inconsistent with statutes. Orange County Superior Court Rules, rule 444 was revised and made effective under this

---

publish the procedures, standards, and policies which will be used in the program, including time standards for the conclusion of all critical steps in the litigation process, including discovery . . . ."

[7]Former rule 1114 varied slightly from this language. It provided in pertinent part: "The purpose of this conference shall be as follows: . . . 2. Designation of law and motion discovery schedules; 3. Determination of time standards other than those contained in the rules; . . . . [¶] At the conclusion of the Evaluation Conference, the court shall issue a Case Management and Scheduling Order containing a discovery schedule . . . ."

current version of section 68612, as was its predecessor, rule 1114. We presume the superior court intended its rule to comply with the law in effect at the time.[8]

Neither the local rule nor the statute authorizes abolishing a litigant's discovery rights by imposing a discovery cutoff when no trial date has been set. We fail to understand how doing so furthers the purpose of the Trial Court Delay Reduction Act: expeditious resolution of litigation. In setting a deadline for completing discovery when no trial date is on the horizon, the trial court has put the cart before the horse. By merely setting a trial date, the court forces the statutorily mandated discovery cutoff on the parties. No purpose is served by setting it earlier.

Let a peremptory writ of mandate issue directing respondent court to vacate its orders setting a discovery cutoff and denying petitioners' motion for extension of the deadline.

Sills, P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied February 24, 1993, and the petition of real party in interest for review by the Supreme Court was denied April 21, 1993.

---

[8]Although not referred to by either of the parties, we are aware of California Rules of Court, rule 1913, which merits some discussion. It is part of division V of the California Rules of Court: Delay Reduction Rules For Volunteer Trial Courts. Rule 1913 provides that in volunteer courts, "Discovery shall be completed no later than 40 days before trial unless the court orders earlier completion."

While the rule authorizes volunteer courts to set a discovery cutoff earlier than that specified by Code of Civil Procedure section 2024, we do not read the rule as authorizing a court to cut off discovery when no trial date has been set. In this regard the rule does not conflict with our decision.

Furthermore, we question the continued viability of the California Rules of Court division V rules. Division V was adopted effective January 1, 1990. Rule 1901 states the rules were "adopted to implement section 68619(b) of the Government Code under the Trial Court Delay Reduction Act of 1986 for courts that elect to establish an exemplary delay reduction program under section 68618." (Cal. Rules of Court, rule 1901(a).) The Trial Court Court Delay Reduction Act of 1986 was repealed in 1990 and replaced by the Trial Court Delay Reduction Act of 1990. We presume the Judicial Council will ultimately repeal these rules which have been superseded by the 1990 act.