[No. B056811. Second Dist., Div. Four. June 29, 1993.]

MARILYN BILLINGS HARRIS, Plaintiff and Appellant, v.
ALLAN C. BILLINGS et al., Defendants and Respondents.

**COUNSEL**

Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki and Donn Dimichele for Plaintiff and Appellant.

Gittler & Wexler, Gary A. Wexler, Charlston, Revich & Williams, Howard Wollitz, Bailey & Marzano and Maryann R. Marzano for Defendants and Respondents.

## OPINION

**EPSTEIN, J.**—The principal issue in this case is whether a plaintiff whose action is assigned to a trial court delay reduction program, and against whom no affirmative relief is sought, generally retains the right to voluntarily dismiss the action without prejudice prior to trial. We conclude that this plaintiff retained that right, and that the trial court acted in excess of its jurisdiction when, sua sponte and without notice, it vacated the dismissal without prejudice and entered an order dismissing the lawsuit with prejudice.

### FACTUAL AND PROCEDURAL SUMMARY

In October 1989, appellant Marilyn Billings Harris brought this action against her brother Allan C. Billings, his company, A-1 Coast Rentals, Inc., and Attorney Jay G. Foonberg, who had prepared documents relating to the Billings Family Trust. She sought declaratory and other relief involving rights in a parcel of property.

The case was assigned to the Los Angeles Superior Court "fast track" program. Appellant filed an at-issue memorandum on May 8, 1990. A status conference was held, and a status conference order was signed and filed on May 22, 1990. A discovery cutoff date of August 23, 1990, was established.

Intensive discovery was scheduled during the summer of 1990. On July 26, 1990, respondent Foonberg filed a motion for an order deeming admitted matters in requests for admissions to which appellant had not timely responded. A hearing on the motion was set for August 10. On August 2, 1990, Mr. Foonberg filed a motion to quash numerous deposition subpoenas served by appellant. Other respondents joined in the motion. A hearing on that motion was set for August 20, and a further status conference was scheduled for September 25, 1990.

On August 6, 1990, a day before appellant's deposition was scheduled to begin, the parties entered into an "Agreement re Abatement of Lawsuit." Their purpose was to facilitate the continuation of settlement negotiations and to work on revising a draft agreement to abate the action. The agreement provided that appellant would dismiss her complaint "without prejudice to its later reinstitution and/or refiling" and that all applicable statutes of limitations and claims of laches would be tolled for four months. On August 7, 1990, pursuant to the agreement, appellant filed a request for dismissal of the entire action without prejudice. A dismissal was duly entered by the clerk, as requested, the same day.

After the dismissal was entered, the parties took no further action in the case. When they failed to appear at the August 10 hearing on respondent

Foonberg's motion to have the requests for admissions deemed admitted, the court denied the motion. Mr. Foonberg took his motion to quash the deposition subpoenas off calendar.

On September 25, 1990, the scheduled date for the further status conference, the parties again made no appearance. The court, on its own motion and without notice, vacated the August 7, 1990, dismissal without prejudice and caused an order to be entered dismissing the entire action *with* prejudice "pursuant to Code of Civil Procedure section 575.2."[1]

Upon learning of the court's action, appellant filed a motion to reinstate the dismissal without prejudice, and a motion pursuant to Code of Civil Procedure section 473 for relief from the court's order of dismissal with prejudice. In her moving papers, appellant recited the parties' agreement regarding abatement of the action, and also argued that the court exceeded its jurisdiction in vacating the dismissal.

The trial court denied the motion to reinstate, but granted the motion for relief under Code of Civil Procedure section 473 conditioned upon appellant paying attorney fees and costs incurred by respondents. The court awarded $5,546 to respondents Billings and A-1, and $35,113 to respondent Foonberg.

Appellant failed to pay these awards, and on March 7, 1991, the court ordered the action dismissed. Appellant appeals from the order of dismissal.

### DISCUSSION

Our analysis is in two stages. First we review appellant's statutory right to dismiss her action without prejudice, notwithstanding the local fast track rules governing the progress of the action. Next we decide whether, in light of appellant's effective dismissal without prejudice, the trial court acted within its authority in purporting to vacate the dismissal without prejudice and enter a dismissal with prejudice.

### *Plaintiff's Right to Dismiss*

Code of Civil Procedure section 581, subdivision (b), provides that an action may be dismissed "(1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral

---

[1]Code of Civil Procedure section 575.2 authorizes trial courts to adopt rules for imposition of sanctions upon a party or counsel for the party, including the sanction of dismissal, for failure to comply with local rules.

or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any. [¶] (2) With or without prejudice, by any party upon the written consent of all other parties." Similar authority is found in subdivision (c) of that same section: "A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial."

■ The right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term "commencement of trial." These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication.

For example, a plaintiff has no right to dismiss without prejudice if a general demurrer has been sustained without leave to amend, since there has been a "trial" of the legal issues raised by the demurrer. (*Goldtree* v. *Spreckels* (1902) 135 Cal. 666, 672-673 [67 P. 1091].) Similarly, a plaintiff may not voluntarily dismiss an action when a general demurrer is sustained with leave to amend and he or she does not amend within the time authorized by the court. "Permitting a plaintiff to exercise an absolute right to dismiss his action without prejudice to recommencing suit based upon the same allegations, even after the trial court has ruled definitively and adversely on the sufficiency of those allegations, makes neither good sense nor good law." (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788-789 [176 Cal.Rptr. 104, 632 P.2d 217].)

■ A plaintiff may not obtain a dismissal without prejudice following an adverse arbitration award and the filing of a request for trial de novo. (*Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334, 339 [189 Cal.Rptr. 450].) "No party has the right to avoid the judicial arbitration award at their whim, and the party requesting a trial de novo may either proceed with a trial de novo or allow the award to be entered as a judgment, challengeable as provided by section 1286.2 or Judicial Council rules. [Citation.] When parties withdraw requests for a trial de novo or voluntarily dismiss their complaints, they repudiate their previous election for a trial de novo. This factually restores the repudiating parties to their legal positions before electing the trial de novo, and triggers award finalization under section 1141.20. Accordingly, we hold a party is not entitled to a voluntary dismissal without prejudice within the judicial arbitration setting merely to avoid an unfavorable arbitration award." (*Id.* at p. 340, fns. omitted.)

■ Nor may a plaintiff dismiss without prejudice when, having failed to answer requests for admissions, all the issues in the case are deemed

admitted in defendant's favor. "Deemed admissions which effectively dispose of the case by resolving all the issues constitute a trial of the issues for purposes of dismissing pursuant to section 581, subdivision 1." (*Miller* v. *Marina Mercy Hospital* (1984) 157 Cal.App.3d 765, 770 [204 Cal.Rptr. 62]; see *Cal-Vada Aircraft, Inc.* v. *Superior Court* (1986) 179 Cal.App.3d 435, 446 [224 Cal.Rptr. 809], for discussion of the various exceptions to the right to voluntary dismissal.)

None of these exceptions is applicable to this case. ■ At the time appellant filed her request for dismissal without prejudice, she was under no compulsion to amend her complaint, nor had she suffered an adverse arbitration award. And while appellant had failed to respond to a set of requests for admissions, the requests had not been ordered deemed admitted, and she could have avoided such an order by filing a response "before the hearing on the motion" to have them deemed admitted. (Code Civ. Proc., § 2033, subd. (k).) In this case, quite obviously, there had been no "trial of the issues" so as to preclude appellant from dismissing the action without prejudice.

In vacating the dismissal without prejudice and entering a dismissal with prejudice, the trial court concluded that plaintiff's voluntary dismissal was merely an attempt to obtain a stay or continuance of the case in contravention of the purpose and rules of the Trial Court Delay Reduction Act. The court explained: "By the parties entering an 'abatement' agreement, without prior court approval or notice to the court, followed by the unilateral dismissal which would allow the case to be revived at any time in the future, there is a subversion of the goals of delay reduction, case management, and appropriate early disposition of litigation."

We find no discord between the basic policy behind the delay reduction program and a plaintiff's statutory right to dismiss her action, with or without prejudice.

The concerns underlying the Trial Court Delay Reduction Act are set forth in Government Code section 68603, which provides in pertinent part: "(a) The Judicial Council shall adopt standards of timely disposition for the processing and disposition of civil and criminal actions. . . . In establishing these standards, the Judicial Council shall be guided by the principles that litigation, from commencement to resolution, should require only that time reasonably necessary for pleadings, discovery, preparation, and court events, and that any additional elapsed time is delay and should be eliminated."

Similarly, Government Code section 68607 sets forth the responsibility of judges in delay reduction programs: "In accordance with this article and

*consistent with statute*, judges shall have the responsibility to eliminate delay in the progress and ultimate resolution of litigation, to assume and maintain control over the pace of litigation, to actively manage the processing of litigation from commencement to disposition, and to compel attorneys and litigants to prepare and resolve all litigation without delay, from the filing of the first document invoking court jurisdiction to final disposition of the action." (Italics added.)

The right of a plaintiff to exercise the statutory right to voluntarily dismiss an action is consistent with this mission. The delay reduction program is concerned with the management and progress of cases currently in the court system, not with disputes which the parties wish to remove from the system. Dismissal of an action constitutes a "final disposition of the action" without delay. It removes that action from the court's inventory, allowing later-filed cases to move ahead in line.

An examination of the statewide and local rules, adopted pursuant to the trial delay reduction statute, yields a similar result. (See Gov. Code, § 68600 et seq.; Cal. Rules of Court, rule 1901 et seq.; L.A. Super. Ct. Trial Court Delay Reduction Rules, rule 1100 et seq. [hereafter local rules].) Local rule 1303.4 addresses the dismissal of an action in a different context: "It shall not be permissible to dismiss and thereafter refile any case for the purpose of obtaining an I/C or an M/C assignment or a different I/C Judge. Whenever a case is dismissed by a party or by the Court prior to judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later filed action shall be assigned, unless the Presiding Judge for good cause orders otherwise, to the I/C Judge to whom the first filed case had theretofore been assigned or as an M/C Case if the first filed case was M/C."

Far from precluding voluntary dismissal of a fast track case, local rule 1303.4 acknowledges that a party may dismiss an action and later refile essentially the same action. The rule seeks to prevent a party from accomplishing an improper purpose—avoidance of a specific trial judge, or of a master calendar or individual calendar designation—by a dismissal, but it does not otherwise address a party's right to dismiss an action. (See also Cal. Rules of Court, rule 1906; local rule 1103.4.)

As we have noted, a trial judge is to implement the delay reduction program in a manner "consistent with statute, . . ." (Gov. Code, § 68607.) "[T]he Code of Civil Procedure must generally apply to cases assigned to the delay reduction programs; if it did not, we do not know what rules of procedure would apply. 'The fact that this is a "fast track" case does not

annul or make inoperative previous statutes and case law.' [Citations.]" (*Miller* v. *Superior Court* (1990) 221 Cal.App.3d 1200, 1210 [270 Cal.Rptr. 766]; see also *Wagner* v. *Superior Court* (1993) 12 Cal.App.4th 1314, 1319-1320 [16 Cal.Rptr.2d 534].)

Appellant's general statutory right to voluntarily dismiss her action without prejudice is unimpaired by the delay reduction program. It was proper for a dismissal without prejudice to be entered in the action pursuant to appellant's written request to the clerk of the court, in accordance with Code of Civil Procedure section 581, subdivision (b)(1).

### Court's Jurisdiction After Plaintiff's Dismissal

Following entry of a dismissal of an action by a plaintiff under Code of Civil Procedure section 581, a "trial court is without jurisdiction to act further in the action [citations] except for the limited purpose of awarding costs and statutory attorney's fees. [Citations.]" (*Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782]; *Aetna Casualty & Surety Co.* v. *Humboldt Loaders, Inc.* (1988) 202 Cal.App.3d 921, 931 [249 Cal.Rptr. 175]; *Datner* v. *Mann Theatres Corp.* (1983) 145 Cal.App.3d 768, 770 [193 Cal.Rptr. 676].) The trial court in this case had no jurisdiction to vacate the dismissal without prejudice, properly entered pursuant to appellant's request, or to enter a new order dismissing the action with prejudice.

Respondents assert that appellant waived her right to assert this jurisdictional defect by continuing to submit to the jurisdiction of the court by her subsequent motions for relief. "A voluntary dismissal of an entire action deprives the court of subject matter jurisdiction as well as personal jurisdiction of the parties." (*Casa de Valley View Owner's Assn.* v. *Stevenson* (1985) 167 Cal.App.3d 1182, 1192 [213 Cal.Rptr. 790].) Such jurisdiction "cannot be conferred by consent, waiver, or estoppel, . . ." (*Viejo Bancorp, Inc.* v. *Wood* (1989) 217 Cal.App.3d 200, 207 [265 Cal.Rptr. 620].) The court's lack of subject matter jurisdiction was not waived.

Respondents argue that appellant's dismissal without prejudice was not effective because she failed to comply with various "fast track" statutes and rules requiring notice to the trial court of settlement (Cal. Rules of Court, rule 225) and approval from the court of any stipulated avoidance or extension of a date or deadline. (Local rule 1107.) This argument is premised on their characterization of the abatement agreement as a settlement of the case which extended or avoided deadlines. But the abatement agreement is not the issue in this case; the issue is the voluntary dismissal without

prejudice under Code of Civil Procedure section 581. Neither notice of settlement under California Rules of Court, rule 225 nor court approval of the abatement agreement under local rule 1107 was required prior to voluntary dismissal of the action. Since appellant was entitled to dismiss her action without prejudice prior to the commencement of trial, and did so, the local rules cannot be construed to revive jurisdiction that had expired with the dismissal.[2]

## DISPOSITION

The trial court's orders following appellant's voluntary dismissal without prejudice were made without authority and are reversed. Appellant is to recover her costs on appeal.

Woods (A.M.), P. J., and Soven, J.,* concurred.

A petition for a rehearing was denied July 16, 1993, and respondents' petition for review by the Supreme Court was denied September 30, 1993.

---

[2]Apparently the trial judge did not learn of the August 7, 1990, dismissal before September 25, the date of the scheduled status conference. While it would have been better practice for counsel to have informed the judge's clerk of the dismissal before that date, the failure to extend that courtesy cannot have the effect of nullifying the dismissal.

To the extent appellant was required to give notice to and receive approval from the court with respect to the abatement agreement, her failure to comply may be of some import in the event the action is refiled. As we have noted, local rule 1303.4 requires that when an action is refiled after dismissal, it is to be assigned to the same judge to whom the earlier action had been assigned.

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.