Filed 9/3/14  Lancaster v. Law Officers of Choe CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WALTER LANCASTER,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>LAW OFFICES OF GENE W. CHOE,<br><br>        Defendant and Respondent. | B242069<br><br>(Los Angeles County<br>Super. Ct. No. BC448878) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Robert O'Brien, Judge.  Affirmed.

        Walter Lancaster, in propria persona, for Plaintiff and Appellant.

        No appearance for Defendant and Respondent.

Plaintiff Walter Lancaster appeals from a judgment dismissing his legal malpractice action for failure to comply with an order to produce documents and to designate any witnesses for trial or provide the court with complete transcripts of the underlying trial.  We find no abuse of discretion, and thus we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, in propria persona, filed this legal malpractice action against his former attorney, the Law Offices of Gene W. Choe, on November 4, 2010.[1]  The operative first amended complaint, filed May 13, 2011, alleges that defendant's representation of plaintiff in a police brutality case against the City of Inglewood fell below the standard of care in that defendant "failed to follow any leads or pursue any tangible evidence that would assist in this case," was "ill prepar[ed]" for trial, "did not enter or request the video from the police showing the incident on tape," "failed to enter the Plaintiff's clothing worn that night showing the burn marks from the taser," and "failed to reenact the events so that the Court could get an idea of the circumstances and the wrongful acts."

On November 28, 2011, defendant made a motion to compel plaintiff to provide further answers to interrogatories and for production of documents.  The trial court granted the motion on March 2, 2012, ordering plaintiff to provide verified responses to defendant's discovery and produce responsive documents by March 12, 2012.

Trial was scheduled for March 26, 2012.  On March 21, 2012, plaintiff filed an exhibit list, but he apparently never filed a witness list.  He posted jury fees on March 23, 2012.  Defendant filed a motion in limine for issue, evidence, or terminating sanctions for plaintiff's failure to serve verified responses to the document requests and to produce documents in compliance with the court's order, to be heard on the first day of trial.

On March 26, the court held the final status conference.  The minute order of the hearing says:  "Plaintiff has not listed any witnesses and indicates he needs more time to

---

[1]  Attorney Craig Cawlfield was also named in the first amended complaint, but was dismissed from the action on December 6, 2011.

2

hire a 'tazer' expert and a 'legal malpractice' expert. Plaintiff has filed an exhibit list. [¶] Plaintiff's request to continue trial is GRANTED. [¶] Jury trial is continued to 04/25/12 at 9:30 am in Department 38."

Trial again was continued to April 30, 2012, and the parties appeared for trial on that date. The trial court noted that defendant's motion for terminating sanctions was pending and asked whether plaintiff had complied with the court's March 2, 2012 order compelling further discovery responses. Plaintiff told the court that he had "informally" produced documents to defendant's attorney, but he could not recall when he had done so. Defense counsel indicated that plaintiff had served supplemental interrogatory responses but had not complied with the document production requests.

The court also noted that plaintiff had not provided a witness list or proposed jury instructions. Plaintiff responded that he was waiving his right to a jury and intended to submit his case based on the transcripts of the underlying trial. He said he had tried to retain an expert witness to testify about the standard of care, but he had not been successful. The trial court asked plaintiff for copies of the transcripts of the underlying trial on which he intended to rely. Plaintiff provided transcripts from October 30 and November 2, 2009, but could not provide transcripts from the remaining days of the underlying trial (Oct. 27, Nov. 3 & Nov. 4, 2009).

The court found plaintiff had failed to comply with the order to produce documents. It further found, because plaintiff had not designated any witnesses and the trial transcript on which plaintiff intended to rely was incomplete, plaintiff could not demonstrate that defendant's actions were below the standard of care. The court therefore dismissed the case "for failure to provide the proper discovery, for having no witness list and . . . because the transcripts are not complete."

Plaintiff appealed.[2]

---

[2] The case was temporarily stayed after defendant filed for bankruptcy. The bankruptcy court issued an order closing the bankruptcy case on March 3, 2014, and the trial court returned the case to active status on March 12, 2014. Defendant Choe has not filed a respondent's brief.

# DISCUSSION

Plaintiff's appellate brief appears to assert that the judgment of dismissal should be reversed because the trial court abused its discretion by dismissing the case for (1) failure to produce documents, and (2) failure to file a witness list or provide the court with complete transcripts of the underlying trial. For the reasons that follow, plaintiff's claims are without merit.

## I. The Trial Court Did Not Abuse Its Discretion by Dismissing the Case for Plaintiff's Failure to Comply With a Discovery Order

"'California discovery law authorizes a range of penalties for conduct amounting to "misuse of the discovery process,"' including terminating sanctions. (*Doppes v. Bentley Motors, Inc*. (2009) 174 Cal.App.4th 967, 991, quoting Code Civ. Proc., § 2023.030.) Misuses of the discovery process include the following: '(d) Failing to respond or to submit to an authorized method of discovery. [¶] (e) Making, without substantial justification, an unmeritorious objection to discovery. [¶] (f) Making an evasive response to discovery. [¶] (g) Disobeying a court order to provide discovery.' (Code Civ. Proc., § 2023.010.) Terminating sanctions may take the form of '[a]n order rendering a judgment by default against [the offending] party.' (Code. Civ. Proc., § 2023.030, subd. (d)(4).)

"""The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious, or whimsical action."'" (*Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 36.) The trial court may order a terminating sanction for discovery abuse 'after considering the totality of the circumstances: [the] conduct of the party to determine if the actions were willful; the detriment to the propounding party; and the number of formal and informal attempts to obtain the discovery.' (*Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1246.) Generally, '[a] decision to order terminating sanctions should not be made lightly. But

4

where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279-280.) Under this standard, trial courts have properly imposed terminating sanctions when parties have willfully disobeyed one or more discovery orders. (*Lang v. Hochman*, *supra*, 77 Cal.App.4th at pp. 1244-1246 [discussing cases].)

"When the trial court's exercise of its discretion relies on factual determinations, we examine the record for substantial evidence to support them. (*Waicis v. Superior Court* (1990) 226 Cal.App.3d 283, 287; see *Miranda v. 21st Century Ins. Co*. (2004) 117 Cal.App.4th 913, 929.) In this regard, 'the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination [of the trier of fact].' (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874, italics omitted.)" (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390-391 (*Los Defensores*).)

Plaintiff asserted in the trial court, and repeats on appeal, that he did not violate the court's discovery order because he produced the requested documents, albeit "informally." Plaintiff's bare assertion in this regard was the only evidence of his asserted production. Defendant's attorney said no document production had been made, and although plaintiff insisted he had produced the requested documents, he was unable to tell the court the date on which he had done so or to provide the court with verified discovery responses. On this record, the trial court was well within its discretion in finding that plaintiff had not produced the requested documents. (E.g., *Los Defensores*, *supra*, 223 Cal.App.4th at p. 391 ["On review for substantial evidence, we will affirm a finding predicated on the trial court's rejection of a witness's testimony, 'unless it appears that there are no matters or circumstances [that] . . . impair the accuracy of the testimony.'"].)

In light of the court's factual finding that plaintiff did not comply with the March 2, 2012 discovery order, there is sufficient evidence that his failure to do so was

5

willful. Although defendant filed a motion to compel production of documents in November 2011, plaintiff had not produced the requested documents more than three months later, in early March 2012. Plaintiff continued to avoid his discovery obligations even after the court ordered further document production by March 12, 2012, and he still had not produced the documents either by March 26, the day trial was scheduled to begin, or April 25, the day to which the start of trial was continued at plaintiff's request. Plaintiff never offered an explanation as to why he had not complied with the court's discovery order, and certainly not one from which the court could conclude that his failure to produce documents was anything but willful. In addition, there was obvious detriment to the propounding party, who had not yet received the documents by the time trial was set to begin. Under these circumstances, the imposition of terminating sanctions manifestly was not an abuse of discretion. Indeed, short of continuing trial yet again, it was the only sanction reasonably available to the trial court.

## II. The Trial Court Did Not Abuse Its Discretion by Dismissing the Case for Plaintiff's Failure to Designate Trial Witnesses or Provide a Complete Transcript of the Underlying Trial

Although plaintiff's failure to comply with the court's discovery is a sufficient basis for affirming the judgment of dismissal, we also consider plaintiff's alternative contention that the trial court abused its discretion by dismissing the case for plaintiff's failure to designate trial witnesses or provide a complete transcript of the underlying trial. For the reasons that follow, we disagree.

To prevail on appeal, plaintiff must show that but for the trial court's asserted error, the result in his case would have been different. (*Kim v. Konad USA Distribution, Inc*. (2014) 226 Cal.App.4th 1336, 1352.) To do so in this attorney malpractice case, plaintiff must show not only that defendant's representation of him in the underlying case fell below the standard of care, but also that "but for the alleged malpractice, [trial] of the underlying lawsuit would have resulted in a better outcome. [Citations.]" (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 166.)

6

The issue on appeal, therefore, is not simply whether the trial court should have allowed plaintiff to proceed on the partial transcript, but whether plaintiff has shown that had he been allowed to do so, he could have prevailed at trial. Plaintiff has wholly failed to make the necessary showing. He has neither provided us with the proffered transcripts nor made any showing that the partial transcripts he provided the trial court would have demonstrated that defendant's representation of plaintiff in the underlying case fell below the standard of care.[3] In short, *nothing* in the record on appeal demonstrates that, as alleged in the complaint, defendant "failed to follow any leads or pursue any tangible evidence that would assist in this case," was "ill prepar[ed]" for trial, "did not enter or request the video from the police showing the incident on tape," "failed to enter the Plaintiff's clothing worn that night showing the burn marks from the taser," and "failed to reenact the events so that the Court could get an idea of the circumstances and the wrongful acts," as his complaint alleges. On this record, therefore, plaintiff cannot demonstrate that dismissing his case was reversible error. (See also *Hurtado v. Western Medical Center* (1990) 222 Cal.App.3d 1198, 1204 [no abuse of discretion in dismissing the case when the plaintiff is not prepared to proceed on the day of trial].)

---

[3]    Plaintiff suggested at oral argument that it was defendant's duty to provide the missing transcripts because defendant had designated them on his exhibit list. Not so. Regardless of defendant's designation, it was plaintiff's burden, not defendant's, to present evidence to establish each element of plaintiff's cause of action. (Evid. Code, § 500; *Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 464 [it is plaintiff's burden to prove each element of his cause of action].)

**DISPOSITION**

The judgment of dismissal is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.[*]

We concur:

EPSTEIN, P. J.

WILLHITE, J.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.