Filed 7/24/24  Flores v. Superior Court CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THOMAS PEDRO FLORES,<br><br>    Petitioner,<br><br>       v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>    Respondent;<br><br>CITY OF FRESNO,<br><br>    Real Party in Interest. | F087135<br><br>(Super. Ct. No. 19CECG00219)<br><br><br>**OPINION** |

-ooOoo-

ORIGINAL PROCEEDINGS; petition for peremptory writ of mandate.  Jeffrey Y. Hamilton, Jr., Judge.

Law Offices of David Azizi, David Azizi; Halpern Law Firm and Derryl Stephen Halpern for Petitioner.

No appearance for Respondent.

Whitney, Thompson & Jeffcoach, Mandy L. Jeffcoach and Paul Gaus for Real Party in Interest.

-ooOoo-

Petitioner Thomas Pedro Flores filed a personal injury action against the real party in interest the City of Fresno (City) in 2019.  Discovery closed in February 2023 with the exception of several depositions to be taken shortly after.  The deposition of petitioner's

treating physician, who was identified as his only expert witness, was repeatedly delayed and not held until August 16, 2023. (All dates are in the year 2023 unless indicated otherwise.) The trial court ordered the exclusion of testimony from petitioner's expert witness on causation and damages pursuant to the exclusion sanction of Code of Civil Procedure section 2034.300 in response to City's motion in limine. (Undesignated statutory references are to the Code of Civil Procedure.) Petitioner filed a peremptory writ of mandate arguing the expert's testimony should not have been excluded. This court ruled on the writ, ordering the trial court to vacate its decision with respect to the exclusion of the expert's testimony or show cause as to why the relief should not be granted.

This case now comes before this court on City's reply to the return to the order to show cause after the trial court declined to vacate its order excluding petitioner's expert from testifying at trial. A single issue remains: whether the trial court abused its discretion when it excluded petitioner's expert witness from testifying at trial. For the reasons set forth in this opinion, the trial court's order is reversed and the matter is remanded to the trial court with the direction to vacate its order on City's motion in limine excluding petitioner's expert witness from testifying regarding causation and damages at trial and to enter an order denying that portion of City's motion.

## PROCEDURAL BACKGROUND

On January 18, 2019, petitioner filed a complaint for damages against City arising out of a trip and fall incident that occurred on a sidewalk owned by City.

Petitioner timely served his expert witness designation on January 27, naming neurosurgeon Ali Najafi, M.D. (hereafter, the expert) as the expert to testify on behalf of petitioner at trial. Accompanied with petitioner's expert witness designation was a declaration and narrative statement of the general substance of the testimony the expert was expected to give at trial. City also timely served its expert witness designation and supporting declaration on January 27.

On February 22, the trial court vacated the original trial date and continued the trial to September 25. The court ordered discovery closed except for several named expert depositions, including the deposition of the expert. The deposition of the expert was ordered by the court to take place on March 1. A first amended notice of deposition was filed on February 23 in accordance with the expert discovery order, setting the deposition of the expert for March 1. The notice contained a request for the production of documents, including the expert's "entire file" related to the action. City cancelled the deposition of the expert on February 27 because it had not received the expert's file and report. Petitioner responded on February 28 informing City's counsel that additional dates for the expert's deposition would be provided.

City's counsel e-mailed petitioner's attorney on March 3 and 6 requesting dates to take the deposition of the expert. Petitioner's attorney responded on March 6 representing he reached out to the expert's office to get new dates and is "waiting to hear back."

On April 3, 12, and 17 City's counsel requested dates for the expert's availability for a deposition. Petitioner's counsel did not respond. On April 25 counsel for City advised it would seek court assistance if petitioner's counsel did not provide dates for the expert's deposition. Petitioner's counsel responded he would "provide dates for [the expert's] deposition shortly."

Petitioner's counsel contacted attorney for City via telephone on July 13 to schedule the expert's deposition on August 7. On July 19, petitioner's counsel cancelled the expert's deposition on the grounds that the expert "is no longer available on August 7th" and proposed taking the deposition on August 14.

Counsel for City e-mailed petitioner's attorney on August 9, reminding him that the expert file was due. Petitioner's counsel said he would provide the expert's file "promptly." On August 10, petitioner's counsel requested a different date for the expert's deposition.

3.

The expert finished his expert report on August 12. City received the expert's report on August 15. City deposed the expert on August 16.

After the deposition, City sent five e-mails to petitioner's counsel seeking the expert's retention agreement, billing statements, and communications between petitioner's counsel and the expert.

On September 25, counsel for City filed a motion in limine to exclude the testimony of the expert pursuant to section 2034.300, subdivisions (b), (c), and (d). The trial court granted City's motion in limine excluding the testimony of the expert. Due to the alleged unexpected health condition of petitioner's counsel, the court continued the trial date to December 4.

On November 13, petitioner's counsel filed a peremptory writ of mandate requesting this court review the trial court's ruling regarding the exclusion of the expert witness's testimony. On November 30, this court issued an alternative writ of mandate. In the alternative writ, this court directed the trial court to vacate its September 27 order granting City's motion in limine to exclude all testimony from the expert or show cause before this court why the requested relief should not issue.[1]

On January 3, 2024, the trial court issued an order giving notice to the parties with a hearing on the alternative writ.

On February 8, 2024, the trial court held a hearing regarding the alternative writ. The purpose of the hearing was to answer this court's order to show cause regarding exclusion of testimony from petitioner's expert witness. After hearing oral argument, the trial court did not vacate its order on City's motion in limine regarding the exclusion of the expert's testimony. The trial court ordered City to respond to this court as to why the expert should be excluded from testifying at trial.

---

[1]This court affirmed the trial court's ruling regarding the exclusion of testimony by the expert related to future treatment; the order remains undisturbed as to that issue. (*Jones v. Moore* (2000) 80 Cal.App.4th 557, 564–565.)

4.

# DISCUSSION

## Exclusion of Expert Witness's Testimony Pursuant to Section 2034.300

Petitioner argues the trial court abused its discretion when it granted City's motion in limine to exclude petitioner's treating physician, designated as an expert, from testifying as to causation and damages at trial. Since the expert is petitioner's only expert as to causation and damages, he argues exclusion of the expert's testimony will "eviscerate" his case. City responds the court did not "eviscerate" petitioner's case, but rather it was the acts of petitioner's counsel, through a series of conduct that failed to comport with section 2034.300 and the purpose of the Civil Discovery Act, which led to the exclusion of testimony from the expert.

### A.     Additional Facts

A letter and deposition invoice from the expert was sent via e-mail to petitioner's counsel's office on February 8 in response to petitioner's request to depose the expert. Therein, the letter stated, "In response to your request regarding a … deposition or testimony in reference to the above patient, we have reserved the following time(s) and date(s) for the doctor indicated above."

The expert prepared a 43-page report on August 12. The report included the expert's opinion on causation and damages. The expert's report also included summaries of petitioner's treatment for the injury at issue and for seven months prior to the injury, responses to interrogatories, summaries of the depositions of other witnesses, medical billing information, and the expert's opinion on City's expert's report. Prior to the deposition, City was not provided with billing records for the expert's services, the expert's retention letter, and communications, including e-mails, between petitioner's counsel and the expert.

The expert's deposition was taken on August 16. The expert spent nine to 12 hours reviewing petitioner's records and preparing his expert report. The expert testified as to his opinion regarding petitioner's injuries and causation of injury. He testified he

5.

"skimmed through" some records from 2017; however, in forming his opinion regarding petitioner's injuries and causation of injury, the earliest record he relied on was from February 21, 2018. In conjunction with providing his opinion, the expert also reviewed eight deposition transcripts, which were detailed in his report. The expert testified as to the treatment he provided to petitioner, including questions regarding tests that the expert ordered petitioner to undergo prior to surgery, and the surgery petitioner underwent.

The expert stated he did not have time to review some of the records sent to him prior to his deposition, such as the deposition transcript of City's expert witness. However, the expert testified as to the reasons he disagreed with the opinions of City's expert because he reviewed City's expert report. Part of the records the expert "skimmed" was a 1,600-page record review prepared by petitioner's counsel's office. The expert said he had concluded his expert report prior to receiving those records, and he would need a "few more days" to provide additional opinions. The expert also said he looked through some of the additional records provided, and based on his review, his opinion remained unchanged. Finally, the expert testified he had spoken to the entirety of the opinions he would give at trial "[u]nless additional information [was] provided that [he could] review …."

With respect to the date the expert was retained, the following dialogue occurred:

"Q. … When were you retained as an expert in this matter?

"A. I don't know the exact date.

"Q. Can you give me an estimate.

"A. I believe a few weeks ago, but I'll be guessing. I don't know. [¶] … [¶]

"Q. The formal retention of you as an expert happened, based on your best estimate, within the last couple of weeks?

"A. I don't know. I know it was sometime this year. How many weeks or months, I don't recall.

6.

"Q. … [I]s there a written retention agreement between you and [petitioner's counsel]?

"A. I don't know. I can ask the office to see the request for expert information and the fee schedule that I provided to them and the retained check amount for the work that I do. The office would have that information."

Thereafter, the expert was asked if he had billed petitioner's counsel for any of his expert testimony. The expert responded, "I have not." The expert provided his rates as follows:

"Q. What is the hourly rate that you are charging for your expert testimony?

"A. $1,000; and I believe for depositions it is $2,000 an hour; and I believe for appearance in court it is $7,500 for a half day or $15,000 for a whole day.

"Q. Can you estimate for me how many hours you have spent as a retained expert on this matter thus far.

"A. Somewhere between 9 to 12 hours.

"Q. And that would be at $1,000 per hour?

"A. Yes."

In granting City's motion in limine, the trial court said:

"The [c]ourt yesterday, with [petitioner's counsel] present, indicated that the only … thing the [c]ourt would entertain … was a case … supporting [petitioner's] position that he can provide an expert that was unprepared. [¶] … [¶] All of the motions in limine that were tentatively granted are granted …."

**B. Analysis**

The purpose of the expert witness discovery statute is "to give fair notice of what an expert will say at trial. This allows the parties to assess whether to take the expert's deposition, to fully explore the relevant subject area at any such deposition, and to select an expert who can respond with a competing opinion on that subject area." (*Bonds v. Roy* (1999) 20 Cal.4th 140, 146–147.) Indeed, "the need for pretrial discovery is greater with

7.

respect to expert witnesses than ordinary fact witnesses because the opponent must prepare to cope with the expert's specialized knowledge." (*Boston v. Penny Lane Centers, Inc.* (2009) 170 Cal.App.4th 936, 951 (*Boston*).)

Failure to comply with the requirements for the exchange of expert witness information[2] can have "drastic consequences." (*Staub v. Kiley* (2014) 226 Cal.App.4th 1437, 1445 (*Staub*).) Section 2034.300 provides that, with certain exceptions, "on objection of any party who has made a complete and timely compliance with Section 2034.260, the trial court shall exclude from evidence the expert opinion of any witness that is offered by any party who has unreasonably failed to do any of the following: [¶] (a) List that witness as an expert under Section 2034.260. [¶] (b) Submit an expert witness declaration. [¶] (c) Produce reports and writings of expert witnesses under Section 2034.270. [¶] (d) Make that expert available for a deposition …." (§ 2034.300.) The trial court's decision regarding exclusion of expert testimony is reviewed for abuse of discretion, which includes the court's determination as to whether the offending party "unreasonably" failed to comply with the expert witness disclosure rules. (*Staub*, at p. 1445.)

"Failure to comply with expert designation rules may be found to be 'unreasonable' when a party's conduct gives the appearance of gamesmanship, such as undue rigidity in responding to expert scheduling issues." (*Staub*, *supra*, 226 Cal.App.4th at p. 1447.) The operative inquiry is whether the conduct being evaluated will compromise the purposes of the discovery statutes: "'to assist the parties and the

---

**2**"Section 2034.260 sets forth the general requirements for the exchange and the information to be provided, which includes a list of the names and addresses of the experts (§ 2034.260, subd. (b)(1)) and a declaration by the party's attorney setting forth the expert's qualifications (§ 2034.260, subd. (c)(1)), the expected nature of the testimony (§ 2034.260, subd. (c)(2)), and '[a] representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial' (§ 2034.260, subd. (c)(4))." (*Staub*, *supra*, 226 Cal.App.4th at p. 1444.)

trier of fact in ascertaining the truth; to encourage settlement by educating the parties as to the strengths of their claims and defenses; to expedite and facilitate preparation and trial; to prevent delay; and to safeguard against surprise.'" (*Boston*, *supra*, 170 Cal.App.4th at p. 950.)

### 1. Production of an Expert Witness Declaration under Section 2034.300, Subdivision (b)

City argues the expert testimony was properly excluded because petitioner unreasonably failed to fully comply with the content requirements of his expert witness declaration pursuant to section 2034.300, subdivision (b). (*Bonds v. Roy*, *supra*, 20 Cal.4th at p. 146 [describing "strict procedures" for exchange of expert witness information, "intended to allow sufficient time before trial for experts to be identified so that the subject matter of their expected testimony can be fully explored at a deposition"].) Petitioner disagrees with this contention, arguing he timely submitted an accurate expert witness declaration.

Section 2034.260 governs the form and contents of an expert witness declaration, providing the contents of a party's expert witness declaration shall include, among other things, "[a] brief narrative statement of the general substance of the testimony that the expert is expected to give, [¶] … [a] representation that the expert has agreed to testify at the trial, [¶] … [and] [a] representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition …." (§ 2034.260 subd. (c)(2), (3), (4).)

Turning to section 2034.260, subdivision (c)(3), petitioner's expert witness declaration filed on January 27 stated petitioner "retained [the expert] to testify" and the expert "agreed to testify at trial." First, City argues the declaration was inaccurate because there were discrepancies in the expert's testimony regarding the date of retention.

The expert testified at his deposition on August 16 that he had only been retained "a few weeks ago .…" However, in response to the question regarding the date of retention, the expert also stated, "I don't know… [when the formal retention happened]. I know it was sometime this year. How many weeks or months, I don't recall." The expert's testimony was unclear as to when he believed he was retained, testifying to various dates ranging from "a few weeks," "one month," to "sometime this year." Read as a whole, the expert did not recall the date he was retained.

Petitioner timely served the expert witness declaration, which identified the expert and his expected testimony. Petitioner secured a date to depose the expert and issued payment pursuant to the request soon thereafter. While the expert was unclear about the exact date of retention, allowing the expert to testify at trial would not frustrate the purpose of the expert witness discovery statute, "to give fair notice" of the expert's opinions at trial. (*Bonds v. Roy*, *supra*, 20 Cal.4th at p. 146.)

Next, pursuant to section 2034.260, subdivision (c)(4), petitioner's expert witness declaration stated the expert would be "sufficiently familiar with the pending action to submit to a meaningful oral deposition .…" City argues the expert was unprepared. As such, City contends petitioner's declaration was false and grounds for exclusion of the expert's testimony.

Section 2034.260, subdivision (c)(4) does not define the phrase "meaningful oral deposition." Nor does section 2034.300, subdivision (d) define the phrase "[m]ake that expert available for a deposition .…" However, read in the context of the Civil Discovery Act (§ 2016.010 et seq.) governing the exchange of expert witness information, making an expert available for a "meaningful oral deposition" contemplates not merely assuring the expert is physically present at the deposition, but also that the expert will be prepared to give his or her substantive testimony, including the opinions the expert expects to give at trial. (*Staub*, *supra*, 226 Cal.App.4th at p. 1444 [the expert should be "'sufficiently familiar with the pending action'" to provide deposition

10.

testimony that includes the expert's opinion and its basis, and the testimony the expert is expected to give at trial]; see § 2034.260, subd. (c)(4).) To that end, an expert's testimony may be excluded if he is wholly unprepared for his deposition. (*City of Fresno v. Harrison* (1984) 154 Cal.App.3d 296, 301 [there was no abuse of discretion where the trial court excluded an expert who was made available for a deposition one month before trial and when the defendant deposed the expert he had not formed an opinion, looked over a significant portion of the data, or settled upon a method of evaluation, when it held, "'[d]eposing' an expert in front of a jury is time-consuming and unwise"].)

Here, the expert was not wholly unprepared. The expert formed an opinion as to the cause of petitioner's injuries prior to his deposition. (*McCoy v. Gustafson* (2009) 180 Cal.App.4th 56, 96–97 [the trial court can properly exclude testimony that goes beyond the opinions expressed at the expert's deposition but allow the expert to testify as to the opinions formed at his deposition].) The expert offered his opinion at his deposition related to petitioner's injuries, treatment, and causation of injury. He also provided the reasoning behind the surgery recommendations he provided petitioner. In forming his opinion, the expert testified he reviewed petitioner's treatment records for the injury and predating the injury, which were summarized in his report. The expert also reviewed eight deposition transcripts, City's expert's report, and testified as to the reasons why he disagreed with City's expert's report.

City's argument regarding the expert's unpreparedness is based on testimony elicited at his deposition that the expert did "not [have] the time to review" certain records in the file. However, later in the deposition the expert testified he had spoken to the entirety of the opinions he would give at trial "[u]nless additional information is provided that I can review …." This court already made clear that it would not disturb the trial court's order excluding the expert's additional opinions, ostensibly regarding future treatment, that were formed after the preparation of the expert's report and

11.

deposition. We find that the expert submitted to a meaningful deposition as to his opinions on treatment and causation of petitioner's injuries at the time of the deposition.

### 2. *Production of Expert Reports under Section 2034.300, Subdivision (c)*

City argues petitioner unreasonably failed to timely provide the expert's report and file, warranting exclusion of the expert from testifying at trial. Petitioner responds that he did not unreasonably fail to provide the expert's report; it was promptly provided to City when it was prepared.

Section 2034.300, subdivision (c) provides the trial court authority to exclude an expert witness where a party unreasonably fails to "[p]roduce reports and writings of expert witnesses under Section 2034.270." A discoverable report or writing includes one that is made "in the course of preparing [the] expert's opinion." (§ 2034.210, subd. (c).)

Section 2034.270 requires a party to produce an expert's discoverable reports and writings only "if any" such document exists at the time of the expert exchange. Section 2034.270 does not place any burden on a party who calls experts to prepare specially any such report or writing if none already exists. (*Boston*, *supra*, 170 Cal.App.4th at pp. 951–952.)

The expert testified he prepared his opinions and finalized his report on August 12.[3] City received the expert's report on August 15. City deposed the expert on August 16. Production of the expert's report was within three days of it becoming available. This was reasonable. (*Boston*, *supra*, 170 Cal.App.4th at p. 954 [a party's prompt production of the expert report once received, along with an opportunity to depose the expert, supported the court's conclusion that the petitioner had not unreasonably failed to produce the expert's reports and writings].)

---

[3]The expert's report is also dated August 12.

City argues petitioner failed to comply with the deadline to produce the expert's file imposed by section 2034.415,[4] prompting the cancellation of the initial deposition date of March 1. However, there was nothing to produce at this time; the report was not completed until August 12.

Courts have held the intentional withholding of reports is "unreasonable" and grounds for exclusion of the expert. (*Boston*, *supra*, 170 Cal.App.4th at p. 952 [if a court concludes a party "intentionally manipulated the discovery process" to ensure that expert reports were not created until after the specified exchange date, it may find the failure to produce them unreasonable and exclude the expert's opinions].) There is no evidence of intentional withholding of the expert's report. Once petitioner's attorney received the report from the expert, it was given to City in three days. (Cf. *Zellerino v. Brown* (1991) 235 Cal.App.3d 1097, 1116–1117 [failure to produce reports and writings on specified date unreasonable when the noncompliant party also produced late and incomplete expert witness information and refused to make experts available for deposition, in a "comprehensive attempt to thwart the opposition from legitimate and necessary discovery"].)

City also argues the expert should be excluded from testifying at trial because of petitioner's failure to produce the expert's billing and retention records, and correspondences between the expert and petitioner's counsel, which City contends should have been disclosed as part of the expert file under section 2034.270. Petitioner concedes the billing and retention records, and communications between petitioner's counsel and the expert were not produced prior to the expert's deposition.

Section 2034.210, subdivision (c) does not define what constitutes "discoverable reports and writings" made by an expert "in the course of preparing [the] expert's

[4]This section governs production of documents in conjunction with taking an expert's deposition. (§ 2034.215 ["[a]n expert … whose deposition is noticed … shall, no later than three business days before … [the expert's] deposition, produce any materials … called for by the deposition notice"].)

13.

opinion." Therefore, we turn to whether the failure to timely produce billing records, the retention agreement, and correspondences between the expert and petitioner amounted to "unreasonable" conduct.

When an expert witness is expected to testify, the expert's report and writings are discoverable so that the opposing party is aware of the opinions and testimony the expert is expected to give at trial. (*City of Fresno v. Harrison*, *supra*, 154 Cal.App.3d at p. 301 ["'The discovery statutes are intended to safeguard against surprise'"].) The opportunity for a "meaningful deposition is one of the circumstances the trial court should consider" when determining whether the offending party acted unreasonably in failing to produce an expert's reports and writings, because a deposition allows the opposing party to explore the opinions and testimony of the expert witness. (*Boston*, *supra*, 170 Cal.App.4th at p. 954.)

Here, City asked the expert during his deposition about his retention and billing. The expert testified regarding his hourly rate, setting forth his hourly rate for both expert deposition testimony and for his appearances in court. He also estimated the time he spent preparing for his deposition. As such, City may calculate an approximate total bill for the expert's services from the answers elicited during the expert's deposition. The expert also testified he had not provided petitioner's counsel with a bill yet; he "usually [does] the billing later on after the trial." The expert further testified he did not know if there was a written "retention agreement" and he would ask his staff for the agreement, billing, and retainer check. There was no objection by petitioner's counsel to this testimony or any questions asked by City related to this subject matter. And as previously stated, a copy of the check securing the expert's deposition testimony dated February 9 was provided to City after the expert's deposition.

Taking into consideration the expert's deposition testimony, the opportunity for defense counsel to depose the expert, and the "reasonableness determination" surrounding section 2034.300, subdivision (c), we do not find the failure to produce the

14.

expert's billing, retention agreement, or communications between the expert and petitioner's counsel unreasonable.

### 3. Expert Availability for a Deposition under Section 2034.300, Subdivision (d)

City argues petitioner unreasonably failed to make the expert available for a deposition pursuant to section 2034.300, subdivision (d), since the expert's deposition was repeatedly rescheduled. Petitioner responds the expert submitted to a meaningful deposition six weeks before trial and his testimony should not be excluded.

As set forth *ante*, the phrase "[m]ake that expert available for a deposition" requires the expert is physically present and substantively prepared, regardless of whether the other party takes the expert's deposition. (*Staub*, *supra*, 226 Cal.App.4th at p. 1444; *Boston*, *supra*, 170 Cal.App.4th at p. 954.) Courts have held the exclusion of expert testimony is proper where there is no opportunity to depose the expert. (*Cottini v. Enloe Medical Center* (2014) 226 Cal.App.4th 401, 426 ["where the importance of discovery of experts is manifest," allowing the plaintiff's expert witnesses to testify without any ability for the defendant to depose the expert would be "the essence of unfair surprise"].) Similarly, in *Zellerino v. Brown*, *supra*, 235 Cal.App.3d 1097, the conduct being evaluated was a party's production of late, incomplete, expert witness identification, no expert reports, and the complete refusal to make the expert available for a deposition. The appellate court held the exclusion of the expert was appropriate where the plaintiff "failed to comply with any of the requirements of the expert disclosure statute thereby frustrating the purposes of the discovery act." (*Id.* at p. 1117.)

Courts have also upheld the exclusion of expert testimony where the expert failed to complete his deposition. (*Waicis v. Superior Court* (1990) 226 Cal.App.3d 283, 286.) The *Waicis* court excluded the expert from testifying when, after months of rescheduling, the expert walked out of the deposition early to attend to a personal meeting. (*Ibid.*) The appellate court affirmed the ruling and held the exclusion of the expert was to prevent

abuse of the expert discovery rules, but also acknowledged the plaintiff had other experts to testify on the same issues. (*Id.* at p. 288 & fn. 2.)

These cases are not analogous. Here, the expert submitted to a meaningful, two-hour deposition. As previously addressed, the expert was familiar with petitioner's treatment, had formed his opinion on causation of injury prior to the deposition, and offered his opinions and testimony on the same. Our conclusion is supported by the fact the trial court's order excluding petitioner's expert from testifying at trial is in effect a "terminating sanction." (*Staub*, *supra*, 226 Cal.App.4th at p. 1448.) Petitioner does not have other experts to testify as to causation and damages. This case is not on a par with the type of case in which a sanction of this type is warranted. (E.g., *Zellerino v. Brown*, *supra*, 235 Cal.App.3d at p. 1117.)

## DISPOSITION

The order granting the motion in limine excluding the expert's testimony, insofar as it required exclusion of the expert's causation and damages testimony, is reversed and the matter is remanded to the trial court with directions to vacate its order granting City's motion to exclude the expert's testimony regarding causation and damages and enter a new order denying that portion of City's motion. The remainder of the trial court's order remains undisturbed.

The stay of trial proceedings is lifted, and the parties shall each bear their own costs pursuant to rule 8.493(a)(1)(B) of California Rules of Court.

PEÑA, J.

WE CONCUR:


DETJEN, Acting P. J.


FRANSON, J.

16.