Filed 8/27/25  Marriage of Liu CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of JAYVEE and JONATHAN LIU. | |
| JAYVEE LIU,<br><br>    Respondent,<br><br>    v.<br><br>JONATHAN LIU,<br><br>    Appellant. | G064181<br><br>(Super. Ct. No. 22D000439)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Nancy J. Kasch, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Jonathan Liu, in pro. per., for Appellant.

Law Offices of Lisa R. McCall, Lisa R. McCall and Erica M. Barbero for Respondent.

Appellant Jonathan Liu challenges two rulings: (1) an order denying his motion for a discovery protective order; and (2) an order imposing $10,000 in discovery sanctions against him. We conclude judicial estoppel did not require the court to issue a protective order closing discovery. We further conclude he has not shown the court abused its discretion by imposing sanctions. We affirm.

FACTS

In 2022, Jayvee Liu petitioned for a dissolution of her marriage to Jonathan.[1] After settlement negotiations broke down the following year, Jayvee's counsel advised Jonathan that she prepared an at-issue memorandum requesting a trial date. Counsel sent the draft form to Jonathan for his review. A box was checked next to preprinted statements: "I represent to the court that: 1) this case is at issue; an answer or other legal response was filed on: [date inserted] [¶] 2) all discovery has been completed."

Jonathan denied discovery had been completed. He responded to counsel: "Your memo misrepresents that the parties have completed discovery when no we have not engaged in any formal discovery." He also propounded an initial set of formal discovery requests to Jayvee. She responded and served her own requests on Jonathan—form interrogatories and demands to inspect documents and things. Her counsel also filed the at-issue memorandum with the box still checked.

Six weeks after that filing, Jonathan moved for a protective order regarding Jayvee's discovery requests. Jonathan asserted that the mistatement in the at-issue memorandum judicially estopped Jayvee from propounding discovery.

---

[1] We respectfully use first names for clarity.

Two weeks later, in September 2023, the trial setting conference triggered by the memorandum was conducted. At the outset, the court asked: "So has discovery, counsel, been completed in this matter?" Jayvee's counsel answered: "No, Your Honor." The court then commented: "So the at issue was filed in July and discovery is not yet completed. So having a trial setting conference may be a bit premature." The court "encourage[d] both parties to respond to the [d]iscovery inquiries of the other to get [d]iscovery completed and to get this case moving forward." It continued the trial setting conference without closing discovery.

Jayvee subsequently filed motions to compel discovery responses from Jonathan. When the parties reconvened in November 2023, the court denied Jonathan's motion for a protective order, continued Jayvee's motions to compel, and took its trial setting conference off calendar.

By mid-December, Jonathan's discovery responses were still outstanding. In February 2024, Jayvee's counsel filed a supplemental six-page declaration representing that Jonathan had responded with only objections. According to three declarations filed by that time, Jayvee requested $8,000 in attorney fees and costs incurred, and $4,500 in anticipated fees. Jonathan served further written responses two weeks later.

At the March 2024 hearing, Jayvee's counsel confirmed Jonathan had served responses but asked "to be heard on the issue of sanctions." Counsel requested $12,500; the court instead awarded only $10,000 "as a total." The court offered to "go through" the motions individually. Jayvee's counsel replied, "Okay. That's fine." Jonathan did not object to the amount or ask for a breakdown.

DISCUSSION

We begin with Jonathan's unsuccessful motion for a protective order. We agree with him the court's denial of the motion is appealable because it is "'inextricably intertwined'" with the court's sanctions order and based on the same conduct. (*Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 825; Code Civ. Proc., § 904.1, subd. (a)(12) [order for sanctions over $5,000 appealable].)[2] We review both orders for abuse of discretion. (*Deck*, at pp. 823–824.)

Jonathan has not shown any such abuse. While he contends Jayvee was judicially estopped from propounding discovery by her at-issue memorandum, he has not shown she was "successful in asserting" that discovery was complete. (*Filtzer v. Ernst* (2022) 79 Cal.App.5th 579, 587 [judicial estoppel elements].) On the contrary, Jayvee never successfully closed discovery. She served discovery responses and propounded requests around the time the at-issue memorandum was filed. And at the trial setting conference, her counsel candidly and accurately told the court discovery had not been completed. The court did not set a trial date or otherwise close discovery. The at-issue memorandum had no effect on discovery at all.

Part of the problem may lie with the form itself. It requires parties requesting a trial date to represent both that "this case is at issue" and "all discovery has been completed."

But a trial date is what sets the discovery cut-off date. (§ 2024.020; Fam. Code, § 210.) Courts cannot impose an earlier deadline. (*Wagner v. Superior Court* (1993) 12 Cal.App.4th 1314, 1318, 1320 ["setting a

---

[2] All undesignated statutory references are to the Code of Civil Procedure.

discovery cutoff date when no trial date had been set denied [the parties] their statutory right . . . to conduct discovery up to 30 days before trial"]; see Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2025) ¶ 11:435, p. 146 [noting statutory cut-off date].) Of course, a court can and should consider the state of discovery when deciding whether and when to set a trial date. And of course, counsel should be careful when filling out mandatory court forms. But mistakes like the one in this case, harmless though it was, are invited when parties cannot get the trial date that sets a discovery deadline without first stating discovery is already complete.

The form is one thing; the response to it is another. California favors cooperation and cost-reduction in family law litigation. (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1524.) But this dissolution has been sidelined by a dispute over an errant checkmark. As the trial court noted, "the motion for the protective order . . . was really not a legitimate request." When Jonathan asserted that the motion justified his objection to all of Jayvee's discovery requests, the court aptly explained: "So that is part of the problem. This case isn't as complicated as the parties are making it out to be. [¶] . . . [¶] It really isn't as complicated as everyone wants to make it out to be." We are **_not_** saying this appeal is sanctionable. We merely second the court's sound encouragement to the parties: "Let's get this case moving along."

Finally, we reject Jonathan's belated challenge to the sanctions amount imposed. (§ 2023.030, subd. (a) [monetary sanctions can include "reasonable expenses" incurred, "including attorney's fees"].) Jayvee's attorneys submitted declarations attesting to their work. "'An attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.'"

5

(*Mardirossian & Associates, Inc. v. Ersoff* (2007) 153 Cal.App.4th 257, 269.) The court found $10,000 to be reasonable; it may rely on "'its own expertise'" in determining "'the value of legal services performed in a case.'" (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096.) The amount imposed strikes us as well within "the bounds of reason." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 789 [standard for reviewing discovery sanctions].)

DISPOSITION

The trial court's September 21, 2023 order denying Jonathan's motion for a protective order and April 12, 2024 order imposing $10,000 in sanctions against Jonathan are affirmed. Jayvee shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

SCOTT, J.

WE CONCUR:

MOORE, ACTING P. J.

GOODING, J.

6